UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 09-62027-Civ-Jordan

JEROME SHAFFER; SHARON SHAFFER,

       Plaintiffs,

v.

SB HOTEL ASSOCIATES LLC; BAYROCK
GROUP L.L.C.; DONALD TRUMP, ROY
STILLMAN; FEDERAL DEPOSIT
INSURANCE COMPANY, as Receiver for
Corus Bank, N.A.,

       Defendants.
_____/

## **DEFENDANTS' JOINT RESPONSE IN OPPOSITION TO MOTION TO REMAND**

       Defendants, SB Hotel Associates, LLC ("SB Hotel"), Roy Stillman ("Mr. Stillman"), Bayrock Group, LLC ("Bayrock"), and Donald J. Trump ("Mr. Trump") (collectively, "Defendants"), through their undersigned counsel, oppose Plaintiffs, Jerome Shafer and Sharon Shaffer's Motion to Remand (D.E. 14).  On December 28, 2009, the Federal Deposit Insurance Corporation, as Receiver for Corus Bank, N.A. ("FDIC-R") removed this action from state court pursuant to 12 U.S.C. § 1819(b)(2)(B) (the "Notice of Removal") (D.E. 1).  Plaintiffs did not contest the intervention of FDIC-R or its ability to remove this matter.  Plaintiffs later dismissed their claims against the FDIC-R, with prejudice (D.E. 15), and then filed their Motion to Remand.

       Because the Complaint filed by Plaintiffs contains claims against all Defendants arising under federal law, this Court maintains subject matter jurisdiction over all Defendants and the case should not be remanded.  Well-established federal law requires subject matter jurisdiction to be determined at the time of removal and there is no dispute that at that time subject matter

jurisdiction existed in this Court and federal question subject matter jurisdiction still exists. Additionally, remand is inappropriate because this case is related to another matter pending before this Court: *Trilogy Properties LLC v. SB Hotel Associates, LLC et al*, Case No. 09-21406-Civ-Jordan/McAliley (the "Trilogy Action").  The Defendants in the instant case are also named as Defendants in the Trilogy Action (which names additional parties as defendants who are not defendants in this action) and the subject matter of both cases "involves subject matter which is a material part of the subject matter of another action or proceeding then pending before this Court." S.D. Fla. I.O.P. 2.15.00(B).  Therefore, it would conserve judicial economy if the instant case is not remanded.

## I. FACTUAL AND PROCEDURAL HISTORY

1.      Plaintiffs signed a Purchase Agreement in December 2005 (the "Purchase Agreement")  to purchase a condominium unit at the SB Fort Lauderdale Hotel & Condominium (the "Condominium").   On December 18, 2008, Plaintiffs filed their Complaint in the Circuit Court in and for Broward County, Florida (the "State Court Action").   Corus Bank, N.A. ("Corus") was named as a Defendant in the State Court action.

2.      The Complaint contains 12 counts against Defendants, purporting to allege various state (9 counts) and federal (3 counts) claims in an effort to relieve Plaintiffs of their contractual obligations under their Purchase Agreement and to recover their deposits.[1]   The crux of the

---

[1] The Counts are as follows: **Count I** – Violation of § 1701(3) of the Interstate Land Sales Act ("ILSA"); **Count II** – Violation of § 1703(d) of ILSA; **Count III** – Action to Void the Purchase Agreement pursuant to Chapter 718, Fla. Stat.; **Count IV** – Rescission based on § 718.506, Fla. Stat.; **Count V** – Violation of Securities Act of 1933 (15 U.S.C. § 77e); **Count VI** (mislabeled as "Count IV") –Violation of the Florida Securities and Investor Protection Act, Chapter 517 of the Florida Statutes; **Count VII** – Violation of the Florida Deceptive and Unfair Trade Practices Act; **Count VIII** – Breach of Contract; **Count IX** – Rescission; **Count X** – Imposition and Foreclosure of Vendees' Liens; Count XI – Improper Use of Escrow Funds; Count XII – Frustration of Purpose.

Complaint is the allegation that the marketing/sales materials for the Condominium contained misrepresentations on which Plaintiffs relied in entering into the Purchase Agreement.

2.      On March 2, 2009, all Defendants filed a Motion to Dismiss the Complaint in the State Court Action.[2]

3.      On September 11, 2009, the Office of Comptroller of the Currency declared Corus insolvent and appointed the FDIC-R its Receiver.  That same day the FDIC-R accepted the appointment.  On September 15, 2009, the FDIC-R filed a Motion to Substitute Party and Motion for Stay Pursuant to 12 U.S.C. § 1821(d)(12)(A)(ii) in the State Court Action.  Plaintiffs did not oppose the FDIC-R's intervention.  On October 13, 2009, the Court in the State Court Action entered an order permitting the intervention of FDIC-R and staying the proceedings.[3]

4.      On December 28, 2009, FDIC-R filed its Notice of Removal (D.E. 1) pursuant to 12 U.S.C. § 1819(b)(2)(B) and 28 U.S.C. § 1441.[4]

5.      On December 28, 2009. FDIC-R filed a Notice of Pending, Refiled or Similar Action, noting that this case is substantially similar to the Trilogy Action (D.E. 3).  This case was then transferred by The Honorable Patricia Seitz to this Division, with the acceptance of The Honorable Adalberto Jordan (D.E. 4).

6.      On February 2, 2010, Plaintiff filed a Stipulation of Dismissal With Prejudice as to all claims against Corus (and its successor, Corus Construction Ventures, LLC ("CCV")), and any

---

[2] The Motion to Dismiss is attached to the Notice of Removal (D.E. 1) as Exhibit "E."  The Motion to Dismiss was not resolved by the State Court and remains pending.  Plaintiffs have not filed any response to the Motion to Dismiss either in the State Court Action or before this Court (in violation of S.D. Local Rule 7.2).

[3] A copy of the Order is attached to the Notice of Removal as Exhibit "C."

[4] Any civil suit in which the FDIC, in any capacity, is a party is "deemed to arise under the laws of the United States."  12 U.S.C. § 1819(b)(2)(A).  When the FDIC is a party, the entire action is deemed to arise under the laws of the United States.  *Buchner v. FDIC*, 981 F.2d 816, 819 (5th Cir. 1993).

administrative claims that it may have with respect to FDIC-R (D.E. 13), and this Court entered an order dismissing all claims against FDIC-R and CCV with prejudice (D.E. 14).

7.     On February 2, 2010, the day after the stipulation of dismissal was filed, Plaintiffs filed their Motion to Remand.

## II.  THE VOLUNTARY DISMISSAL OF FDIC-R DOES NOT ELIMINATE THE COURT'S SUBJECT MATTER JURISDICTION

Plaintiffs do not challenge or disagree with the basis of removal in the Motion to Remand. Nor have Plaintiffs ever challenged the intervention of the FDIC-R in this case.  In fact, Plaintiffs acknowledge that this case was properly removed by the FDIC-R under 12 U.S.C. § 1819(b)(2)(B).  *See* Motion to Remand, ¶ 6.  However, the Motion to Remand is made under the mistaken belief that Plaintiffs' dismissal of their claims against FDIC-R somehow divested the Court of subject matter jurisdiction.  Plaintiffs allege, as the sole basis for remanding this case, that "[w]here the FDIC-R is no longer a party to this action, the basis for removal of this case no longer exists, and consequently, this case should be remanded back to state court."  *Id.* ¶ 8.  This argument is legally flawed and, as established below, the authorities to which Plaintiffs cite are inapposite.  This Court continues to have subject matter jurisdiction over all Defendants because of the existence of three federal question claims.

"It is a fundamental principal of law that whether subject matter jurisdiction exists is a question answered by looking to the complaint as it existed at the time the petition for removal was filed."  *Duran v. Greenpoint Mortgage Funding, Inc*., No. 09-20411-Civ, 2009 WL 5166261, at *3 (S.D. Fla. Dec. 29, 2009) (quoting *In re Ben Carter*, 618 F.2d 1093, 1101 (5th Cir. 1980)).  It is undisputed that this Court had subject matter jurisdiction at the time of the filing of the Notice of Removal and the issue is whether Plaintiff's dismissal of the FDIC-R and Corus Defendants divests the Court of subject matter jurisdiction.  The answer is clearly no; the Court maintains

4

subject matter jurisdiction because there are three claims brought under federal statutes (Counts I, II, and V).  *See* 28 U.S.C. § 1441(a) (a defendant may remove to the appropriate federal district court "any civil action brought in a State court of which the district courts of the United States have original jurisdiction").  "[D]istrict Courts have original jurisdiction over cases 'arising under the Constitution, laws, or treaties of the United States.'"  *City of Chicago v. Int'l Coll. of Surgeons,* 522 U.S. 156, 163 (1997) (citations omitted).  Further, pursuant to 28 U.S.C. § 1441(c), this Court has subject matter jurisdiction over the non-federal claims in the Complaint:

> [w]henever a separate and independent claim or cause of action within the jurisdiction conferred by section 1331 of this title [federal question jurisdiction] is joined with one or more otherwise nonremovable claims or causes of action, the entire case may be removed and the district court may determine all issues therein, or, in its discretion, may remand all matters in which State law predominates.

28 U.S.C. § 1441(c).  In the Motion to Remand, Plaintiffs do **not** argue that the Court should not exercise subject matter jurisdiction over the non-federal claims, nor have they argued that state law issues predominate.[5]

Purportedly in support of their argument that "[u]pon dismissal of the FDIC-R, which provided the sole basis for removal to this Court, the Court may remand the case for lack of jurisdiction. . . " [Motion to Remand, ¶ 16], Plaintiffs cite to the cases of *Arends v. Eurobank and Trust Co.*, 146 F.R.D. 42 (D.P.R. 1993) and *Bank One v. Elms*, 764 F.Supp. 85 (N.D. Tex. 1991). Both cases are inapplicable because in neither case were there federal claims at issue.  In *Arends*, plaintiffs sued a bank in Puerto Rico Superior Court for unpaid severance compensation under a

---

[5] Notwithstanding, it is clear that all of the claims – both state and federal – are part of the same case or controversy; as such, the Court can exercise subject matter jurisdiction of supplemental claims in a federal question case.  *See* 28 U.S.C. § 1367(a) ("in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.").

Puerto Rico statute.  The FDIC intervened after finding the defendant to be insolvent, and – like in this case -- removed the matter to federal court under 12 U.S.C. § 1819(b)(2)(B).  146 F.R.D. at 44-45.  Plaintiffs filed a motion to remand, alleging that the FDIC was not entitled to intervene and only did so to remove the case to federal court.  The district court held that the FDIC intervention was proper and the case was properly removed under Title 12.  *Id.* at 49.  *Arends* is inapposite and unhelpful to Plaintiffs here because (i) there were no federal statutory claims in the *Arends* case and (ii) Plaintiffs here contend that the removal by the FDIC-R was proper.

In *Bank One*, the bank sued the defendant in Texas state court for recovery under a promissory note.  764 F.Supp. at 86.  There were no federal claims alleged.  The FDIC intervened and removed the case under 12 U.S.C. § 1819(b)(2)(B).  Defendant moved to remand, arguing that (i) the FDIC did not have the right to intervene and (ii) removal was untimely.  *Id.* at 87-88.  The court rejected the timeliness argument but held that the FDIC had no right to intervene and, as such, "[t]he dismissal of FDIC from this action causes the court no longer to have subject matter jurisdiction."  *Id.* at 90.  *Bank One* is inapposite to this case because (i) Plaintiffs here have never contested the intervention of the FDIC-R or the ability of the FDIC-R to remove this case and (ii) unlike here, there were no federal claims providing an independent basis for the court to exercise subject matter jurisdiction.

"Many cases indicate that if removable to a federal court, subsequent developments in a case following removal do not defeat federal jurisdiction."  *Murphy v. Kodz*, 352 F.2d 163, 167 (9th Cir. 1965).  There exists a "judicial reluctance to make jurisdiction hinge on fortuities or *ex parte* tactical moves when the matter is one within the federal judicial competence as broadly envisioned under the Constitution as enunciated by Marshall."  *Id*.  This case is more similar to *Anderson v. Apex Fin. Group, Inc.,* No. 8:08-cv-949, 2008 WL 4104369 (M.D. Fla. Sept. 4, 2008).

In *Anderson*, the plaintiff sued Apex and Countrywide Home Loans in state court, alleging violations of the federal Truth in Lending Act and under a Florida statute.  Before Apex was served with process, Countrywide removed the case because of the existence of a federal question.  Plaintiff dismissed Countrywide and moved to remand the case, claiming that the federal court only acquired jurisdiction over Countrywide.  The Middle District rejected that argument and denied remand, holding that "[b]ecause this case was removed under federal question jurisdiction, this court retains subject matter jurisdiction over the case.  The voluntary dismissal of Defendant Countrywide does not eliminate this court's jurisdiction with respect to Apex."  2008 WL 4104369 at *1.  Likewise, the voluntary dismissal of FDIC-R and CCV in this case does not divest the Court of subject matter jurisdiction over the three federal statutory claims.

This Court continues to have subject matter jurisdiction over this entire action.  The dismissal of the FDIC-R does not divest the Court of its jurisdiction over all Defendants and the Motion to Remand should be denied.

**III.  THE INTERESTS OF JUDICIAL ECONOMY WILL BE SERVED IF THIS CASE IS NOT REMANDED; THE *TRILOGY* ACTION PENDING BEFORE THIS COURT IS SUBSTANTIALLY SIMILAR TO THE INSTANT CASE**

As demonstrated *supra*, the Court continues to have subject matter jurisdiction over all Defendants by virtue of the existence of three federal claims and remand would be improper.  However, even assuming *arguendo* that the Court were left with only state court claims (which it is not), it would still be appropriate for the Court to retain jurisdiction because this case is substantially similar to the Trilogy Action, which is also pending before this Court.  First, the defendants in both cases are the same, except in the Trilogy Action the following entities are also defendants: Trump Organization LLC, Trump Florida Management LLC (entities related to Donald Trump, a Defendant in the instant case), and Chicago Title Insurance Company.  Like in

the instant case, the FDIC-R has intervened in the Trilogy Action and CCV was substituted for Corus.  <u>Second</u>, the Plaintiffs in the Trilogy Action are purchasers of eight units at the same Condominium, and the Purchase Agreements in the Trilogy Action are **<u>identical</u>** to the Purchase Agreement in the instant case (with the exception of names, prices, and unit numbers).  <u>Third</u>, the claims in the Trilogy Action are similar to the claims in the instant case (including the ILSA and Securities Act claims).[6]

    <u>Finally</u>, all Defendants in the Trilogy Action have filed Motions to Dismiss, and they have been fully briefed and are ripe for review.  The pending Motion to Dismiss filed by Defendants in the instant case is substantially similar to the Motions to Dismiss filed in the Trilogy Action.

    Accordingly, this Court will decide legal issues in the Trilogy Action which involve the same contract, arguments, and legal principals before the Court in the instant case.  It would best serve the interest of judicial economy if the instant case is not remanded.

### IV.  PLAINTIFFS FAILED TO COMPLY WITH LOCAL RULE 7.1(A)(3) PRIOR TO FILING THE MOTION TO REMAND

    No meet and confer effort was made by Plaintiffs prior to filing the Motion to Remand. The Motion to Remand does not contain any certification required by Local Rule 7.1(A)(3).  Local

---

[6] The Amended Complaint in the *Trilogy Action* contains 15 claims: **Count I** - Breach of Purchase Agreement;  **Count II** – Declaratory Relief Regarding Purchase Agreement; **Count III** – Breach of License Agreement; **Count IV** – Declaratory Relief Regarding License Agreement; **Count V** – Rescission Pursuant to Section 718.503 of the Florida Statutes; **Count VI** – Violation of the Florida Condominium Act, Section 718.506(b) of the Florida Statutes; **Count VII** - Violation of Federal Interstate Land Sales Full Disclosure Act ("ILSA"), 15 U.S.C. § 1703(a)(2)(A)-(C); **Count VIII** – Violation of ILSA, 15 U.S.C. § 1703(a)(1)(C); **Count IX** – Violation of 15 U.S.C. §§ 77e, 77*l*, Securities Act of 1933; **Count X** – Violation of the Florida Securities and Investor Protection Act, Chapter 517 of the Florida Statutes; **Count XI** – Violation of the Florida Deceptive and Unfair Trade Practices Act; **Count XII** – Constructive Trust and Equitable Lien; **Count XIII** – Imposition and Foreclosure of Vendees' Liens; **Count XIV** – Breach of Implied Covenant of Good Faith and Fair Dealing; **Count XV** – Declaratory Relief Action for Violation of Section 718.106(3) of the Florida Statutes.

Rule 7.1(A)(3) states that "[f]ailure to comply with the requirements of this Local Rule may be cause for the Court to grant or deny the motion and impose on counsel an appropriate sanction, which may include an order to pay the amount of the reasonable expenses incurred because of the violation, including a reasonable attorneys' fee."

## V.  CONCLUSION

For the foregoing reasons, this Court maintains subject matter jurisdiction over this action. SB Hotel, Mr. Stillman, Bayrock, and Mr. Trump respectfully request that this Court deny the Motion to Remand.

## CONSENT TO FILING OF ELECTRONIC SIGNATURES

Pursuant to Southern District CM/ECF Administrative Procedure 3I(3), the attorneys whose electronic signatures appear on this stipulation have consented to the filing of the stipulation using electronic signatures.


Respectfully submitted,

**s/ Christopher W. Prusaski**
Stephen B. Gillman (FBN 196734)
Email: sgillman@shutts.com
Christopher W. Prusaski (FBN 121525)
Email: cprusaski@shutts.com
SHUTTS & BOWEN LLP
201 South Biscayne Blvd.
Suite 1500
Miami, Florida  33131
Telephone: (305) 358-6300
Facsimile:  (305) 381-9982

*Counsel for SB Hotel Associates, LLC, Roy*
    *Stillman, and Bayrock Group, LLC*

**s/Lynette Ebeoglu McGuinness**
Lynette Ebeoglu McGuinness (FBN 813648)
Email: lmcguinness@mwbm.com
MURAI WALD BIONDO MORENO, P.A.
1200 Ponce de Leon Boulevard
Coral Gables, Florida 33134
Telephone: (305) 444-0101
Facsimile:  (305) 444-0174

*Counsel for Donald J. Trump*

## **CERTIFICATE OF SERVICE**

I hereby certify that on March 11, 2010, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.  I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of notices Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

**s/ Christopher W. Prusaski**

## SERVICE LIST
**Jerome Shaffer et al. v. SB Hotel Associates, LLC et al.**
**Case No. 09-Civ-62027-Civ-Jordan**

**[VIA CM/ECF]:**

Counsel for the Plaintiffs:

Jonathan Kline, Esq.
Jonathan Kline, P.A.
2761 Executive Park Drive
Weston, FL 33331
Jonathan.kline@jklawfl.com

Counsel for Donald Trump:

Lynette Ebeoglu McGuinness, Esq.
Murai Wald Biondo Moreno & Brochin
1200 Ponce de Leon Blvd.
Coral Gables, FL 33134
lmcguinness@mwbm.com

MIADOCS 4150232 1